## Morrison & Oaks *v.* W. Voorhies & Co.

### D. W. Jones & Co. v. J. W. Munday, etc.

**Notice—Illegality of Consideration—Bill of Exchange.**

Where the directors of one company were also directors in another company from which the bill of exchange was purchased, their knowledge as officers of the company from which the bill was purchased is sufficient to give actual notice of the illegal consideration of part of the bill to the company for whom they acted in making the purchase.

**Usury—Bill of Exchange—Purchased by Savings Association.**

The purchase of a bill of exchange by a savings institution was held to be merely for the purpose of disguising loans of money at a greater rate of interest than is allowed by R. S., ch. 53, § 8.

**Assignments—Void Contract.**

One can not take a vested right as an assignee of a void contract.

APPEAL FROM MERCER CIRCUIT COURT.

April 9, 1873.

OPINION BY JUDGE LINDSAY:

It is perfectly manifest from the proof that the purchases of the bills of exchange by the Savings Institution from Munday were made merely for the purpose of disguising loans of money, at a greater rate of discount than was allowed by the 8th section of the 53d chapter of the Revised Statutes.

The bill held by E. Hutchinson & Co. was not received in the regular course of business and the title was not passed to them until after it was over due. Besides this, the three directors of the Savings Institution, who were also directors in the banking firm of E. Hutchinson & Co., must be presumed to have known that the bill contained usurious interest, and their knowledge as officers of the one institution must be regarded as carrying actual notice of the illegal consideration of part of the bill to the firm in behalf of which they acted in making the purchase. E. Hutchinson & Co. therefore occupy a no more favorable attitude than does the Savings Institution from which they purchased.

The interest taken in the way of discount in the various bills sold by Munday to the Savings Institution was about double that authorized to be taken by the 8th section of the 53d chapter of the Revised Statutes. If it had been paid, these appellants, who are bona fide creditors of Munday, might have sued for and recovered it by a suit in equity before it is paid, or insist that E. Hutchinson & Co. shall not be allowed to have judgments upon a void contract for the payment of this illegal interest, until their debts are fully satisfied.

The court below should have appropriated the proceeds arising from the sale of the mortgaged property, first to the payment of the amounts actually loaned to Munday by the Savings Institution to E. Hutchinson & Company. Then to the payments of the claims of these appellants in the order of their respective priorities, and then such balance as remained, to the payment of the usurious interest due to E. Hutchinson & Company from Munday, Jones & Company.

The judgment appealed from is reversed and the causes remanded for a judgment consistent with this opinion.

*T. C. Bell, for appellants.*

*John G. Kyle, for appellees.*

*A. J. James, for Jones.*

---

MORRISON & OAKS v. W. VOORHIES & Co.

D. W. JONES & Co. v. J. W. MUNDAY, ETC.

RESPONSE TO PETITION FOR REHEARING.

OPINION BY JUDGE LINDSAY:

It does not matter that the debts of Voorhies & Co. and D. W. Jones & Co. were contracted after E. Hutchinson & Co. purchased the bill; they took it with notice of its infirmities. The contract for the interest therein embraced was illegal and void. Munday was under no legal obligation to pay it, or any part of it. If he had paid it he might have recovered it back by suit. Voorhies & Co. and Jones & Co., his creditors, occupy as favorable an attitude as their debtor. Hutchinson & Co. could take no vested right, as assignees of a void contract. Nor does it matter that appellants did not present their petition setting up claim to this usury, until after the sureties' mortgage was foreclosed. The contest was not as to the sale of the mortgaged property, but as to the application of the proceeds of the sales.

The court expressly reserved the power to adjudicate as to the usury contained in the bill, notwithstanding its judgment foreclosing the mortgage.

To hold that a debtor or his creditors might recover back money paid under a contract declared void by Sec. 8, Chapter 55, Revised Statutes, and can not resist the judgment, would be to stick to the letter and disregard the spirit and intention of the statutes. Petition overruled.

*T. C. Bell, for appellant.*

*John G. Kyle, for appellees.*

*A. J. James, for Jones & Co.*